Williams, J.
Proceedings of a municipal council, to be valid, must be within the powers conferred on that body, and in substantial conformity with the provisions of the statutes regulating them.
The objections made to the proceedings here involved are, (1) that the resolution declaring the necessity for the issue and sale of the bonds, and directing the submission of the question of their issue and sale to the electors of the city, was not read on three different days before its adoption, nor was the rule requiring such reading dispensed with; (2) .that the resolution fails to conform to the statute, in that it embraces both the purchase and erection of water-works, and the proceedings subsequent to the resolution are not in accordance with its declared purpose; and, (3) the *377 ordinance providing for the sale of the bonds attempts to delegate to the major the discretionary power to make the sales at such times, and in such amounts as he may deem necessary.
1. By section 2835, of the Revised Statutes, authority is given to the council of any municipal corporation to issue and sell its bonds in such amount as it may deem necessary for the purpose of erecting or purchasing water-works and supplying water to the corporation and its inhabitants, when it is desired by the voters of the corporation to make such improvement. It is pror vided by section 2837, that before any bonds can be issued or tax levied for such purpose, the question of issuing the bonds shall be submitted to the voters of the corporation at a general or special election; and whenever the council of anjr municipal corporation shall, by resolution, declare it necessary to issue and sell the bonds of such corporation for any or either of the purposes mentioned in section 2835, in any amount specified in such resolution, and shall by such resolution fix the date upon which the question of issuing and selling such bonds shall be submitted to the electors of such municipality, and shall cause a copy of such resolution to be certified to the deputy state supervisors of the county in which the municipal corporation is situated, the deputy state supervisors shall within ten days thereafter, proceed to prepare the ballots and make all other necessary arrangements for the submission of such quéstion to the electors of the municipal corporation at the time fixed in the resolution. The section further provides that 15 days’ notice shall be given of the election, stating the amount of bonds to be issued, the purpose for which they *378 are to be issued, and the time and place of holding the election ; and that the ballots of those voting for the bonds shall have written thereon the words “for the issue of bonds,” and those voting’ against, the words “against the issue of bonds.” And section 2837a, contains the provision that: “Whenever two-thirds of the voters of any municipal corporation vote in favor of the issue of bonds as provided in the preceding section, the council of such municipal corporation may provide by ordinance for the sale of such bonds.”'
It is obvious, from these provisions, that before there can be any authorized issue of municipal bonds for the purpose mentioned in the resolution, there must be an election held at which the votes of the requisite majority of the electors shall be cast in favor of their issue; and there can be no election held until a resolution shall have been duly passed by the council declaring the necessity for the issue of the bonds, specifying the amount in the resolution, and fixing therein the time for holding the election. The proper adoption of this resolution, therefore, lies at the foundation of the proceeding, and is a condition precedent to the validity of all subsequent steps. Section 1694, of the Revised Statutes, requires that: “By-laws, resolutions and ordinances of a general or permanent nature shall be fully and distinctly read on three different days unless three-fourths of the members elected dispense with the rule.” The record shows that the council of the defendant failed to observe the foregoing provision, in its action on the resolution declaring it necessary to issue the bonds of the city, for the designated purpose; it was not read on three different days, nor was the rule dispensed with; but it was put *379 on its passage immediately upon its introduction, • and was voted for by but two-thirds of a bare quorum then present. The resolution is as follows: “A resolution declaring it necessary to issue bonds for the purchase and erection of water-works for the supplying of water to the inhabitants of the city of Elyria, Ohio.
“Be it resolved by the council of the city of Elyria, Ohio, that it is necessary to issue and sell bonds of said city in a sum not to exceed $250,000, for the purpose of the purchase and erection of water-works for the supplying of water to the inhabitants of the city of Elyria, Ohio, and that the question of issuing’ and selling the bonds of said city in the amount aforesaid, be submitted to the electors of said city at a general election to be held on the 6th day of April, 1896, and that the mayor be directed to give notice of the holding of such election in the manner provided by law, and the clerk is hereby authorized to transmit a certi-. fied copy of this resolution to the board of deputy state supervisors of election, of Lorain county, Ohio.”
The question is thus presented, whether this resolution is of a general or permanent nature, within the meaning of section 1694.
A resolution which, when carried into effect, must result in laying a general tax on all the taxable property in a municipality, is of a general nature; and one which involves, in its execution, the construction of a permanent public improvement for the benefit of all the inhabitants of the corporation, is a resolution of- a general and permanent nature. The resolution in question is something more than a mere declaration of an existing fact, —the necessity for the issue of bonds *380 for the contemplated purpose, — it sets on foot a proceeding whoseobject is to create a general debt of the corporation in order to raise a fund for the construction of a permanent improvement intended to subserve the interests of the general public, and which requires the taxation of all property within the municipal corporation, to meet the indebtedness thus created, and makes provision for taking1 the necessary steps for the accomplishment of those purposes ; and is, therefore, of both a general and permanent nature.
2. There is, we think, another fatal objection to this resolution. It declares the necessity for the issue and sale of the city’s bonds “for the purpose of the purchase and erection of water-works, ” and provides for the submission of the question of so issuing and selling the bonds, at the election to be held under the resolution, for the purposes thus declared. The power conferred by the statute on the council, is to issue and sell the bonds of the municipality “for the erection or purchase of waterworks.” The two purposes are entirely distinct. The purchase of waterworks necessarily implies that they have already been erected, and are a present existing property, the subject of sale and purchase; while the erection of water-works can only have reference to their future construction. That a municipal corporation may own two plants, one acquired by purchase, and another erected by it, or, after having acquired one in the former mode, may proceed to erect a new plant, is not questioned. But their acquisition by these two different methods require different proceedings. And, it is the policy of the statute that the proposition for each separate improvement shall stand on its own merits, unaided by combination with *381 any other measure, and be so acted upon by the council in the first instance, and then, if adopted, be so submitted for approval by the electors that each may be voted upon as a separate measure, uninfluenced by combination with others. The reason is, that the requisite majority of the council, and of the electors, may be in favor of one measure, and against the other, or against each; while by uniting them as one, and submitting them to be acted upon in that form, the members of council, and the electors, are required to vote for or against both propositions combined, or abstain from voting at all, and thus denied the right to express their will with respect to each. A resolution. declaring the necessity for the issue and sale of municipal bonds for the purchase and erection of water-works, is not a resolution for either purpose separately, but for both purposes combined; nor is a vote in favor of issuing bonds for both purposes, a vote in favor of either separately. And the attempt, in the proceedings subsequent to the resolution, to eliminate the declared purpose to issue bonds for the purchase of water-works, and thereafter carry the measure to completion as one for the erection of water-works only, does not obviate the objection. The subsequent proceedings must cpnform to the resolution; it cannot be altered or amended by them. A substantial departure from the resolution leaves the proceeding without foundation to support them. A resolution declaring a necessity for one purpose does not authorize proceedings for the accomplishment of another; nor, does a resolution declaring a necessity for two or more purposes combined, authorize proceedings for the accomplishment of any one of them separately.
*382 3. By the ordinance which provides for the issue and sale of The bonds, authority is given the mayor to offer the bonds for sale, “either all at once, or from time to time, in such amounts as he may deem necessary,” to the highest responsible bidder or bidders; and he is further “authorized to require each bid to be accompanied by a certified check on some national bank, for five per cent, of the amount of the bid.” It is thus left to the discretion of the mayor to determine when there shall be a sale or sales of any or all of the bonds, and in what amounts they shall be offered for sale; and also who is, or are, the' highest responsible bidder or bidders ; and whether any security shall be required to accompany the bid. This discretionary power belongs to the council, and cannot be delegated by ordinance or otherwise, to any person or body. Beside, the provisions of the ordinance referred to are in conflict with section 2837a, of the Revised Statutes, which requires the bond s to be sold ‘ ‘ in not more than four different series, at not more than four different times, as the money may be needed,” for the proposed use.
4. It is claimed, however, that the plaintiff cannot maintain the action ; that a taxpayer is not authorized to bring an action to enjoin the corporation except in those cases where it is made the duty of the solicitor to commence it, and he refuses, on demand, to do so; and, that this is not an action of that kind. The cases in which that duty is imposed upon, the solicitor, are those mentioned in section 1777, of the Revised Statutes, which provides that : “He shall apply in the name of the corporation to a court of competent jurisdiction for an order or injunction to restrain the misappli *383 cation of funds of the corporation or the abuse of its corporate powers, or the execution or performance of any contract made in behalf of the corporation in contravention of the laws or ordinance governing the same, which was procured by fraud or corruption.” The authority conferred on the solicitor by this clause of the section, it is contended, is limited to the prosecution of injunction suits against the corporation to prevent the application of funds raised for one purpose to another and illegal purpose, and to restrain action by the corporation which is in excess, of its corporate powers ; and the section has no application, it is claimed, to the irregular exercise of corporate powers, nor to proceedings to raise necessary funds with which to make public improvements. But where the proceedings of a municipal corporation are unauthorized and void, either from the want of power, or from its unlawful exercise, and are designed to raise a fund by taxation to be applied to the object contemplated by such proceedings, a suit to enjoin them may, we apprehend, be properly brought under the statute. It is not necessary to wait until the fund is actually raised ready for expenditure, before instituting the suit; it might then be too late. If the proceedings will result, in the end, in a misapplication of the public money, they may be arrested by injunction at any stage before consummation. Promptness of intervention at the earliest period is to be commended, rather than delay until expenses have been incurred, the rights of third parties become involved, or other complications arise. The statute is remedial, and should receive a construction that will make the remedy a useful one.
*384 The proceeding's of the council of the city of Elyria, for the issue and sale of its bonds as a means of raising- a fund to be applied to the contemplated use, being' unauthorized by reason of the failure of the council to act within its powers, and in compliance with the statute reg'ulating such proceeding’s, the proposed use of the fund so to be raised would be illegal, and, therefore, a misapplication of it, as well as an abuse of corporate powers, within the meaning of section 1777, of the Revised Statutes. To constitute such an abuse, it is not necessary that there be an intentional or willful disregard by the council of its duties; an omission to properly perform them, may be sufficient. And the abuse of corporate powers within the purview of the statute, includes an unauthorized or unlawful exercise of the powers possessed by the corporation, as well as the assumption of powers not conferred. We have not considered the question whether the plaintiff, as a taxpayer, independent of the statute, might not maintain the action, for we think it was authorized by the statute to bring the suit, and is entitled to the injunction prayed for.
Judgment reversed, and judgment for plaintiff in error.